UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNETTE S. JACOBSON, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:08-cv-01961 (JCH) |
|     v. | : | |
| | : | |
| THE TOWN OF FAIRFIELD AND | : | |
| KEVIN A. FLATTO, | : | |
|     Defendants. | : | FEBRUARY 11, 2009 |

**RULING GRANTING PLAINTIFF'S MOTION TO REMAND [Doc. No. 10]**

On December 29, 2008, defendants removed this case from State court, alleging federal question jurisdiction. Notice of Removal at Para. 2 [Doc. No. 1]. Defendants state that plaintiff has asserted a claim under the First Amendment to the United States Constitution, in addition to state law claims. Id.

On January 12, 2009, the plaintiff filed a Motion to Remand [Doc. No. 10], in which he disclaimed any assertion of a First Amendment claim, stating that "Plaintiff's complaint neither asserts violation of her First Amendment rights nor cites 42 U.S.C. § 1983 as being at issue." Mot. to Remand at 4. Defendants acknowledge that plaintiff can avoid removal by amending her complaint "to delete references to federal statutory or constitutional violations." Objection to Plaintiff's Motion to Remand at 6 [Doc. No. 11].

The paragraphs in question provide as follows:

17. The disclosure of the confidential personnel documents to Attorney Braun was an intentional act orchestrated by Flatto to chill Plaintiff's speech and retaliate against her for her exercising her federal and state constitutional rights to free speech involving the Plaintiff's perceived opposition to the Project and her legitimate, actual concerns concerning the Project.

  18.  The disclosure of the confidential personnel documents to Attorney Braun was an intentional act orchestrated by Flatto to chill Plaintiff's speech and retaliate against her for the Plaintiff's exercising her federal and state constitutional rights to free speech at recent employee benefits meetings.

Complaint at ¶¶ 17-18.

  While the court agrees with defendants that these paragraphs could be read to assert a First Amendment claim, it is also plausible to read them as merely pleading facts in support of her state law claims.  Because the plaintiff has explicitly disclaimed any assertion of a First Amendment claim in this action, the court adopts the latter reading.

  Accordingly, the court GRANTS plaintiff's Motion to Remand [Doc. No. 10] on the condition that the plaintiff has not, and will not, assert a First Amendment claim in this action.  The Clerk is directed to remand this case to the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport.

**SO ORDERED.**

  Dated at Bridgeport, Connecticut this 11th day of February, 2009.

               /s/ Janet C. Hall
               Janet C. Hall
               United States District Judge